**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 28 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

COURTNEY J. VAN RIPER,

        Plaintiff - Appellant,

v.

CORRECTIONAL MEDICAL
SERVICES, a Missouri corporation;
JOHN COYLE, M.D.; DEBRA
SWAN; BRENDA POWERS,
individually,

        Defendants - Appellees,

   and

JEFF DEISS,

        Defendant.

No. 01-8088
(D.C. No. 00-CV-149-D)
(D. Wyoming)

ORDER AND JUDGMENT   *

Before **MURPHY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case,     <u>res judicata</u> , and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Courtney J. Van Riper, a prisoner of the State of Wyoming proceeding  pro se , filed this suit under 28 U.S.C. § 1983 against defendants, asserting that they were deliberately indifferent to his serious medical needs, denied him physician-prescribed medication, denied him necessary medical treatment, and retaliated against him.  The district court granted summary judgment in favor of defendants and plaintiff appeals.  We have jurisdiction under 28 U.S.C. § 1291, and affirm.

## PROPOSED ABATEMENT

Defendants have moved to abate the appeal on the basis that their liability insurer, PHICO, was declared insolvent and is being liquidated by the State of Pennsylvania.  Defendants submit that the full faith and credit statute, 28 U.S.C. § 1738, requires this court to honor the February 1, 2002 order of the Commonwealth Court of Pennsylvania purporting to stay all proceedings in which PHICO has a duty to defend.

We deny the request.  PHICO is not a party to this appeal.  It was fully briefed at the time of the motion to abate and the generation of further attorney

fees will be minimal. In any case, a state court simply has no power to enjoin an action in federal court. Baker by Thomas v. Gen. Motors Corp., 522 U.S. 222, 236 n.9 (1998). Although a federal court may very well decline to decide an in rem action for property involved in ongoing state court insurance company liquidation proceedings, see United States v. Bank of N.Y. & Trust Co., 296 U.S. 463, 477-79 (1936), that is not the situation here. The liquidation of PHICO by the State of Pennsylvania is in rem. See id. at 475. This civil rights and medical malpractice case is in personam. A decision in rem does not ordinarily bar a subsequent proceeding in personam. See Princess Lida v. Thompson, 305 U.S. 456, 466-67 (1939); Grimes v. Crown Life Ins. Co., 857 F.2d 699, 701 n.2 (10th Cir. 1988).

Full faith and credit requires "that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). But under Pennsylvania law, res judicata requires identity of the causes of action, which does not exist here. In re Iulo, 766 A.2d 335, 337 (Pa. 2001); cf. Balent v. City of Wilkes-Barre, 669 A.2d 309, 315 (Pa. 1995) (holding that a distinction between an in rem and an in personam proceeding that is merely technical does not bar application of

res judicata ).  Therefore, full faith and credit does not require us to abate this appeal in accordance with the state court's order.

Pennsylvania law provides for a ninety-day stay of "[a]ll proceedings in which the insolvent insurer is party or is obligated to defend a party."  Pa. Stat. Ann. tit. 40, § 991.1819(a).  PHICO was declared insolvent on February 1, so the ninety days have now passed.  The state court's order somewhat ambiguously ordered a stay "to the extent provided by applicable law."   See Aplees' Mot. for Stay, Attach. A at 10 ¶ 24.  If the court meant the ninety-day statutory stay, then the state court's stay has already expired.  In any event, defendants have not argued that this court is required to defer to the state statute under the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), and we therefore need not consider that possibility.  In sum, a stay is neither jurisdictionally required nor prudentially advisable inasmuch as PHICO is not a party to this case, but merely under a duty to defend and, in light of the disposition on the merits, there are few, if any, new fees to be generated.

MERITS

The magistrate judge denied plaintiff's motion to file a second amended and supplemental complaint on the basis that it was not filed in good faith and

-4-

would be unduly prejudicial to defendants. Defendants [1] later moved for summary judgment. The magistrate judge thoroughly reviewed the evidence detailing the history of plaintiff's medical treatment. The magistrate judge concluded that plaintiff failed to show that defendants consciously disregarded a substantial risk to his health or denied him physician-prescribed medication or treatment; that defendants' conduct deviated from a medically-established standard of care or was obviously deficient; that he was ever in acute distress from any of his medical impairments; or that defendants' actions were the proximate cause of any damages he claimed. The magistrate judge further determined that plaintiff failed to show that defendants falsified his medical records or retaliated against him because he refused to be admitted to the prison infirmary for a diagnostic test. The magistrate judge concluded that there were no genuine issues of material fact to be tried, and that defendants were entitled to summary judgment. In light of plaintiff's objections to the magistrate judge's recommendation, the district court thoroughly reviewed the report _de novo_ and adopted it. The court also affirmed the decision of the magistrate judge not to allow plaintiff to file a second amended and supplemental complaint. Accordingly, the court entered judgment in favor of defendants.

---

[1] Defendant Jeff Deiss was dismissed by stipulation of the parties.

Plaintiff argues on appeal, first, that the district court erred in dismissing his Eighth Amendment claims of deliberate indifference because his evidence demonstrated a pervasive denial of prescribed medication, a denial of urgently needed medical attention, and prolonged physical pain and suffering and possible permanent physical injury. Next, plaintiff asserts that the district court erred in rejecting as completely conclusory his claims of falsified medical records even though defendants did not deny the claims or present any evidence to the contrary. Finally, plaintiff argues that the district court abused its discretion by allowing defendants to submit additional affidavits after moving for summary judgment, but limiting his claims and evidence to the supplemental complaint.

We review the grant of summary judgment de novo, using the same standard as that applied by the district court. Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the district court's decision denying plaintiff leave to amend his complaint for abuse of discretion. See Lambertsen v. Utah Dep't of Corr., 79 F.3d 1024, 1029 (10th Cir. 1996).

We have carefully reviewed the parties' materials in light of the record on appeal. We are not persuaded by plaintiff's claims of error, and affirm for substantially the reasons stated in the magistrate judge's thorough and well-reasoned report and recommendation, as adopted by the district court.

The motion to abate the appeal is denied. The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge